IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONROE WALTER BURNS, | CASE NO. CV-F-04-6409 OWW DLB HC |
| Petitioner, | ORDER TO SHOW CAUSE WHY MOTION FOR ABEYANCE SHOULD BE GRANTED |
| vs. | |
| A.P. KANE, Warden, | [Doc. 11] |
| Respondent. | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Petitioner filed the instant federal petition on October 18, 2004, raising nine claims for relief. On December 20, 2004, Respondent filed a motion to dismiss. Petitioner filed an opposition on January 4, 2005.

    On January 14, 2005, the Court issued Findings and Recommendations that Respondent's motion to dismiss be granted. Specifically, the Court found that part of Ground One and Ground Three of the petition were not exhausted.

    On February 11, 2005, Petitioner filed objections to the Findings and Recommendations. In the objections, Petitioner requests that the Court hold the petition in abeyance while he exhausts the unexhausted claims in state court.

///

1

The Supreme Court has recently issued an opinion altering the options available to the Court when presented with a mixed petition. Specifically, in <u>Rhines v. Weber</u>, 2005 WL 711587 (2005), the Supreme Court held that a district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to the state court in the first instance and then to return to federal court for review of his perfected petition.

Stay and abeyance is available only in limited circumstances, because the procedure frustrates AEDPA's[1] objective of encouraging finality by allowing a petition to delay the resolution of federal proceedings and undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. <u>Id</u>. The Supreme Court held that a stay and abeyance is "only appropriate when the district court determines there is good cause for the petitioner's failure to exhaust his claims first in state court. <u>Id</u>.

In his motion, Petitioner has not shown good cause as to why he did not raise the unexhausted claims in the state court first. Accordingly, Petitioner will be ordered to show cause why the Court should grant the motion to stay. Specifically, Petitioner must demonstrate good cause as to why he did not raise Grounds One and Three to the state court.

Accordingly, within **thirty (30)** days from the date of service of this order, Petitioner shall show cause why he did not exhaust the two unexhausted claims prior to filing suit in this Court.

IT IS SO ORDERED.

**Dated:    April 28, 2005**                                **/s/ Dennis L. Beck**
3b142a                                                              UNITED STATES MAGISTRATE JUDGE

---

[1] AEDPA refers to the Antiterrorism and Effective Death Penalty Act of 1996.