IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONROE WALTER BURNS, | CASE NO. CV-F-04-6409 OWW DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING PETITIONER'S REQUEST TO STAY PETITION PENDING EXHAUSTION |
| vs. | |
| A.P. KANE, Warden, | [Docs. 11, 13, 15] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant federal petition on October 18, 2004, raising nine claims for relief. On December 20, 2004, Respondent filed a motion to dismiss. Petitioner filed an opposition on January 4, 2005. On January 14, 2005, the Court issued Findings and Recommendations that Respondent's motion to dismiss be granted. Specifically, the Court found that part of Ground One and Ground Three of the petition were not exhausted.

On February 11, 2005, Petitioner filed objections to the Findings and Recommendations. In the objections, Petitioner requests that the Court hold the petition in abeyance while he exhausts the unexhausted claims in state court.

On April 29, 2005, the Court issued an Order to Show Cause why the motion for abeyance should be granted in light of Rhines v. Weber, 125 S.Ct. 1528 (2005). Petitioner filed a response on

May 26, 2005, and pursuant to this Court's order, Respondent filed an opposition on July 25, 2005.[1]

The Supreme Court recently held in Rhines v. Weber, 125 S.Ct. 1528 (2005), that a district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to the state court in the first instance and then to return to federal court for review of his perfected petition.

Nevertheless, stay and abeyance is available only in limited circumstances, because the procedure frustrates AEDPA's[2] objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings and undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Id. The Supreme Court held that a stay and abeyance is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. Nevertheless, the Supreme Court did not prescribe the test to determine "good cause."

In his response to the order to show cause, Petitioner submits that his court-appointed state appellate counsel failed to raise the claim int eh California Supreme Court. However, appellate counsel has no obligation to raise every arguable issue on appeal. See Smith v. Robbins, 528 U.S. 259, 288 (2000); Jones v. Barnes, 463 U.S. 745, 752 (1983). In this case, counsel raised nine claims in state court, both in the Fifth District Court of Appeals and in the California Supreme Court. (See Respondent's Motion to Dismiss, at Court Doc. 5, Exhs. B & D.) Petitioner raises eight of those claims in the instant petition. His third claim and part of his first claim were not previously presented to the California Supreme Court.

Petitioner's third claim alleges ineffective assistance of trial counsel. Although Petitioner's appellate counsel did not raise that claim on direct appeal, Petitioner was free to raise it in a state petition for writ of habeas corpus. As Respondent submits, the California Supreme Court has stated that, where the trial court record does not illuminate the basis for challenged acts or omissions, a claim of ineffective assistance of counsel is more appropriately made in a petition for writ of habeas

---

[1] The Court appreciates Respondent's response.

[2] AEDPA refers to the Antiterrorism and Effective Death Penalty Act of 1996.

2

corpus, rather than a direct appeal.  <u>People v. Pope</u>, 23 Cal.3d 412, 426 (1979).  Petitioner fails to explain why he did not or could not raise this claim on his own in state court.  Accordingly, Petitioner fails to demonstrate good cause for his failure to previously exhaust his third claim.

Part of Petitioner's first claim alleges that the trial court erred in failing to instruct the jury sua sponte on the lesser included misdemeanor offense of drawing or exhibiting a deadly weapon other than a firearm, in violation of California Penal Code section 417(a)(1).  As with the third claim for relief, Petitioner fails to explain why he did not or could not raise this claim in a state petition for writ of habeas corpus.  Because the claim is based entirely on the trial court record, Petitioner could have brought it anytime after his conviction became final.  Moreover, this claim is plainly meritless and a stay may be denied on that basis alone.  <u>Rhines v. Weber</u>, 125 S.Ct. at 1535.  The Ninth Circuit has held that the availability of a lesser included offense instruction is a question of state law not cognizable on federal habeas review.  <u>Greenawalt v. Ricketts</u>, 943 F.2d 1020, 1029 (9th Cir. 1991); see also <u>Claibourne v. Lewis</u>, 64 F.3d 1373, 1380 (9th Cir. 1995).  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions."  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991).  "Under the law of this circuit, the failure of a state trial court to instruct on lesser included offenses in a non-capital case does not present a federal constitutional question."  <u>Windham v. Merkle</u>, 163 F.3d 1092, 1105-1106 (9th Cir. 1998); <u>see also</u> <u>Turner v. Marshall</u>, 63 F.3d 807, 919 (9th Cir. 1995).

Further to the extent Petitioner argues that his ignorance of the law is sufficient cause, it is without merit.  Although unfortunate the majority of inmates are posed with this same hurdle and it is not sufficient cause for failing to exhaust.

Based on the foregoing, it is HEREBY RECOMMENDED that Petitioner's request to stay the petition be DENIED.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

1  Judge's Findings and Recommendations." Replies to the objections shall be served and filed within
2  ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will
3  then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are
4  advised that failure to file objections within the specified time may waive the right to appeal the
5  District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

        IT IS SO ORDERED.

**Dated:   July 26, 2005**                    /s/ Dennis L. Beck
3b142a                                 UNITED STATES MAGISTRATE JUDGE