IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONROE WALTER BURNS, | CASE NO. CV-F-04-6409 OWW DLB HC |
|         Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING PETITIONER'S REQUEST TO WITHDRAW PETITION |
|    vs. | |
| A.P. KANE, Warden, | [Doc. 21] |
|         Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on October 18, 2004. Respondent filed a motion to dismiss the petition as a "mixed" petition on December 20, 2004. On January 14, 2005, the Court issued Findings and Recommendations recommending that Respondent's motion to dismiss be granted.[1] On February 11, 2005, Petitioner filed objections to the Findings and Recommendations requesting that the Court hold the petition in abeyance while he exhausted the unexhausted claims at the state court level. On April 25, 2005, the Court issued an order to show cause why the stay should be granted. Petitioner filed a response on May 26, 2005, and Respondent filed an opposition on July 25, 2005. On July 27, 2005, the Court issued Findings

---

[1] The Court found that part of Ground One and Ground Three were unexhausted. (Court Doc. 10.)

1

and Recommendations recommending that Petitioner's request for a stay be denied. Petitioner filed objections on August 25, 2005. The Findings and Recommendations were adopted in full on September 2, 2005, and Petitioner's request for a stay was denied. On September 15, 2005, the Court issued an order directing Petitioner to inform the Court of his intent to either withdraw the entire petition or dismiss the unexhausted claims only. On September 26, 2005, Petitioner filed a request to withdraw the entire petition.

The Court can dismiss the entire petition, as Petitioner currently requests, so that Petitioner can return to the state court to exhaust the remainder of his claims before filing a new federal petition. Rose v. Lundy, 455 U.S. 509, 520 (1982); Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). This dismissal will not bar Petitioner from returning to federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). However, this means that Petitioner will be subject to the one-year statute of limitations imposed by Title 28 U.S.C. section 2244(d). In most cases, the one year period starts to run on the date the California Supreme Court denied Petitioner's direct review. See id. In this case, the California Supreme Court denied review on November 12, 2003. (See Findings and Recommendations of January 14, 2005, Court Doc. 10, at p. 2.) Thus, direct review would conclude on February 10, 2004, when the ninety (90) day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). The limitations expired one year later on February 9, 2005. The instant petition was timely filed; however, any future filing in federal court would violate the limitations period. Although the limitations period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending in federal court. Duncan v. Walker, 121 S.Ct. 2120, 531 U.S. 991 (2001).

Based on Petitioner's expressed intention to dismiss the entire petition, the Court recommends that Petitioner's request to withdraw the petition be GRANTED, and the petition for writ of habeas corpus be DISMISSED, without prejudice.

These Findings and Recommendations are submitted to the assigned United States District

Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 12, 2005                    /s/ Dennis L. Beck
3b142a                                       UNITED STATES MAGISTRATE JUDGE