IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONROE WALTER BURNS,<br><br>  Petitioner,<br><br>  vs.<br><br>A.P. KANE, Warden,<br><br>  Respondent.<br>_____/ | CASE NO. CV-F-04-6409 OWW DLB HC<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br><br>[Doc. 22]<br><br>ORDER DENYING PETITIONER'S MOTION TO CONSOLIDATE AND REQUEST FOR EXTENSION OF TIME<br><br>[Docs. 24, 25]<br><br>ORDER DIRECTING CLERK OF COURT TO FILE AMENDED PETITION AND DIRECTING RESPONDENT TO SUBMIT RESPONSIVE PLEADING |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on October 18, 2004. Respondent filed a motion to dismiss the petition as a "mixed" petition on December 20, 2004. On January 14, 2005, the Court issued Findings and Recommendations recommending that Respondent's motion to dismiss be granted.[1] On February 11, 2005, Petitioner filed objections to the Findings and Recommendations

---

[1] The Court found that part of Ground One and Ground Three were unexhausted. (Court Doc. 10.)

1

requesting that the Court hold the petition in abeyance while he exhausted the unexhausted claims at the state court level. On April 25, 2005, the Court issued an order to show cause why the stay should be granted. Petitioner filed a response on May 26, 2005, and Respondent filed an opposition on July 25, 2005. On July 27, 2005, the Court issued Findings and Recommendations recommending that Petitioner's request for a stay be denied. Petitioner filed objections on August 25, 2005. The Findings and Recommendations were adopted in full on September 2, 2005, and Petitioner's request for a stay was denied. On September 15, 2005, the Court issued an order directing Petitioner to inform the Court of his intent to either withdraw the entire petition or dismiss the unexhausted claims only. On September 26, 2005, Petitioner filed a request to withdraw the entire petition.

On October 13, 2005, the Court issued Findings and Recommendations recommending that Petitioner's request to withdraw the entire petition be granted. On November 14, 2005, Petitioner filed objections to the Findings and Recommendations. In the objections, Petitioner requests that the Court withdraw his previous request to withdraw the instant petition. Therefore, pursuant to this order the Court will vacate the Findings and Recommendations to grant Petitioner's request.

On the same date that Petitioner filed his objections, Petitioner submitted an amended petition, which appears to withdraw the unexhausted claims. (Court Doc. 26.) Because it appears that Petitioner has withdrawn the unexhausted claims from the amended petition, the Court will direct the Clerk of Court to file Petitioner's amended petition, which was lodged by the Court.[2] By this order, the Court will direct Respondent to submit a responsive pleading to the amended petition.

On December 1, 2005, Petitioner filed a motion entitled "motion to consolidate the petitioners finalized petition for review to exhaust state remedies." (Court Doc. 24.) In his motion, Petitioner indicates that on November 9, 2005, he filed petition for review with the California Supreme Court raising the unexhausted claims (Ground Three and part of Ground One). Petitioner contends that he has now exhausted the state court remedies. Petitioner is mistaken. Although it appears that Petitioner attempted to raise the unexhausted claims to the California Supreme Court, the Supreme Court did not review the petition as it was never filed and the Court merely cited to its prior denial. Petitioner's

---

[2] Should Respondent disagree that Petitioner has not withdrawn the unexhausted claims, a further motion to dismiss those claims may be raised.

attempt to exhaust was not properly filed.  Proper filing requires delivery and acceptance of the state postconviction petition "by the appropriate court officer . . . ." <u>Artuz v. Bennett</u>, 531 U.S. 7, 8 (2000); <u>see</u> <u>Sibley v. Culliver</u>, 377 F.3d 1196, 1201-03 (11th Cir. 2004) (finding state postconviction filing was not "filed" as defined by Bennett when it was sent to the state supreme court rather than the court in which the petition was convicted); <u>Johnson v. McCaughtry</u>, 265 F.3d 559, 564 & n.4 (7th Cir. 2001) (finding state court petitions that were dismissed as having been filed in the wrong court did not toll the statute of limitations); <u>Hood v. Galaza</u>, 47 F.Supp.2d 1144, 1147 (S.D. Cal. 1999) (finding statute of limitations was not tolled for the time a state habeas corpus petition was filed in the wrong superior court; nor was the limitations period tolled for the time when the federal petition was filed in the wrong federal district court, even if later transferred to the correct district court).   Accordingly, Petitioner's request to consolidate the unexhausted claims must be denied.

On December 2, 2005, Petitioner filed a motion for an extension of time to file a traverse. Petitioner is advised that a traverse is not currently due; therefore, Petitioner's request is disregarded.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Findings and Recommendations issued October 13, 2005, is VACATED;
2. Petitioner's motion to consolidate is DENIED;
3. Petitioner's request for an extension of time is DENIED as moot;
4. The Clerk of Court is directed to file the amended petition, which was lodged on November 14, 2005; and
5. Within sixty (60) days from the date of service of this order, Respondent shall submit a responsive pleading to the amended petition pursuant to this Court's November 1, 2005, order.

IT IS SO ORDERED.

Dated:   December 13, 2005                              /s/ Dennis L. Beck
3b142a                                                  UNITED STATES MAGISTRATE JUDGE