IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONROE WALTER BURNS, | CASE NO. CV-F-04-6409 OWW DLB HC |
| Petitioner, | ORDER GRANTING PETITIONER'S MOTION TO CONSOLIDATE NEWLY EXHAUSTED CLAIMS |
| vs. | |
| A.P. KANE, Warden, | [Doc. 34] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition containing both exhausted and non-exhausted claims on October 18, 2004. On January 14, 2005, pursuant to Respondent's motion to dismiss, the undersigned recommended that the instant petition be dismissed as a "mixed" petition. In his objections, Petitioner requested that the Court hold the petition in abeyance while he exhausted two unexhausted claims in state court. (Court Doc. 11.) On September 26, 2005, Petitioner filed a motion to withdraw the entire petition pending exhaustion. (Court Doc. 21.) On October 13, 2005, the Court issued Findings and Recommendations which recommended that Petitioner's request be granted, but warned Petitioner that a future petition could be barred by the statute of limitations. (Court Doc. 22.) On November 14, 2005, Petitioner asked the Court to disregard his previous motion to withdraw the petition, and lodged an amended petition containing only exhausted claims. (Court Docs. 23, 26.)

On December 1, 2005, after presenting the two unexhausted claims to the California Supreme Court, Petitioner filed a "motion to consolidate" those claims into the petition. (Court Doc. 24.) On December 14, 2005, the Court denied Petitioner's motion because the unexhausted claims had not been properly filed in the California Supreme Court. At the same time, the Court ordered the Clerk to file the lodged amended petition, and ordered Respondent to submit a responsive pleading. (Court Doc. 27.)

On January 6, 2006, Petitioner filed a state habeas corpus petition in the California Supreme Court, raising two unexhausted claims: instructional error based on the trial court's failure to instruct the jury on the lesser offense of reckless conduct, and ineffective assistance of counsel.[1] On February 1, 2006, the California Supreme Court denied the petition without comment. (Court Doc. 34, Exhibit A.) Respondent filed an answer to the petition on February 6, 2006. (Court Doc. 31.) Petitioner filed a traverse on March 9, 2006.

Pending before the Court is Petitioner's "motion to consolidate petitioner's finalized state petition for review with petitioner's present federal writ of habeas corpus," filed February 13, 2006. (Court Doc. 34.) The Court, as did Respondent, construes Petitioner's request as a motion to amend the instant petition.

A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases. Calderon v. United States District Court (Thomas), 144 F.3d 618, 620 (9th Cir. 1998); Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Leave of Court is required for all other amendments. Rule Civ. P. 15(a). A Court should freely give leave to amend if justice requires. In deciding whether to allow an amendment, the Court may consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." Bonin v. Calderon, 59 F.3d 815, 844-45 (9th Cir.1995) (applying Rule 15(a) in a habeas case). Under Rule 15(c), a habeas petition may be amended to add

---

[1] As Respondent submits, Petitioner also included a claim that the trial court abused its discretion by failing to strike one of both of his prior offenses at sentencing. (Court Doc. 34, at 10-16.) However, Petitioner does not seek to amend this claim because it appears that it is already included, and Respondent has responded to this claim. (Answer, at 30.)

new claims that otherwise would be barred by the statute of limitations in 28 U.S.C. § 2244(d)(1) if they "relate back" to claims in the original petition.  Mayle v. Felix, 125 S.Ct. 2562, 2574 (2005); see also Anthony v. Cambra, 236 F.3d 568, 576-78 (9th Cir. 2000).

In the instant case, Petitioner's newly exhausted claims were contained in his original petition, which was timely filed.  As Respondent submits, Petitioner appears to have acted with reasonable diligence in exhausting the claims.  Petitioner sought relief in the California Supreme Court less than three weeks after the Court denied his previous motion to consolidate.  Petitioner further sought to amend the claims less than two weeks after the California Supreme Court denied the petition.

In Anthony v. Cambra, 236 F.3d 568, the Ninth Circuit held that Rule 15(c) "is ideally suited" to allow a habeas petitioner to amend newly exhausted claims into his petition if they were contained in the original petition but then deleted to pursue exhaustion in state court.  Id. at 578. Although the petitioner in Anthony had withdrawn his unexhausted claims after obtaining a stay from the district court, the reasoning of the case seems to apply even if, as here, a petitioner has not obtained a stay.  See id. at 576 (stating that the central policy of Rule 15(c) is to ensure that the non-moving party has sufficient notice of the facts and claims giving rise to the proposed amendments).

Therefore, because Respondent had notice of the newly exhausted claims from the original petition, and because Petitioner acted with reasonable diligence in exhausting those claims after they were dismissed from the instant petition, it appears Petitioner has adequately satisfied the requirements of Rule 15.  See Anthony, 236 F.3d at 577-78.  Because Petitioner cannot seek to amend the instant petition piecemeal, Petitioner must file an amended petition which contains both the previously exhausted and newly exhausted claims.  See Local Rule 15-220; Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (An amended pleading must be complete in itself without reference to any prior pleading)

Based on the foregoing, it is HEREBY ORDERED that:

1. Petitioner's motion to consolidate construed as a motion to amend the petition is GRANTED;

2. Within thirty days from the date of service of this order, Petitioner shall file a

3

1   SECOND AMENDED PETITION; and

2   3.   After Petitioner files the second amended petition, the Court will issue a further order
3        directing Respondent to submit a supplemental answer addressing the newly
4        exhausted claims.

5   IT IS SO ORDERED.

6   Dated:   April 6, 2006                              /s/ Dennis L. Beck
7   3b142a                                         UNITED STATES MAGISTRATE JUDGE